UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MUKESH RAMPERSAD** | : | **DOCKET NO. 2:16-cv-1728** |
| **REG. # 60715-018** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Mukesh Rampersad ("Rampersad"). Rampersad is in the custody of the Federal Bureau of Prisons ("BOP"), and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). However, his petition is based on events that occurred while he was incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCIJ").[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

# I.
### BACKGROUND

Rampersad seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction. Doc. 1, p. 1. Rampersad was charged with fighting with another inmate, in an incident

---

[1] Jurisdiction in a habeas proceeding attaches at the time the petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373–74; *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2722–23 (2004). Since Rampersad was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.

report dated February 22, 2016, and referring to events on February 7, 2016. Doc. 1, att. 1, pp. 2–3. The charged offense was referred to the Disciplinary Hearing Officer ("DHO"). *Id.* at 3. On March 1, 2016, a hearing was held before the DHO, wherein Rampersad was found guilty of the prohibited act. *Id.* at 4. Rampersad received the following sanctions: loss of twenty-seven days of good time credit, fifteen days of disciplinary segregation, and three months of commissary restriction. *Id.* at 6.

Rampersad did not exhaust administrative remedies but claims that he "is not barred from litigating this 2241 petition, because Petitioner never had administrative remedies 'available' within the meaning of that term, as defined by case law." Doc. 1, p. 3. In support he states that his request to be allowed to pursue administrative remedies was denied. *Id.* Rampersad also attached an Inmate Request to Staff dated October 27, 2016, requesting that the "shot" (incident repor) be reopened and that he be given an additional thirty days to file an appeal. Doc. 1, att. 1, p. 12. The response stated, "[y]ou were sanctioned on 3-1-16. You had 20 days to appeal from that date. I am unaware of any policy where we reopen a shot. You had to seek a remedy within those 20 days. As far as I know your time frame is over." [2] *Id.*

Rampersad alleges that the "shot" is meritless and improper as it was not written in the timeframe provided in a BOP Program Statement. Doc. 1, p. 3. He claims that other Program Statements were not followed, including the failure to keep the proper documentation evidencing the need to keep an inmate in SHU. *Id.* at. 4. He also contends that that the motivation for issuing the shot was to prevent him from seeking the surgery recommended by the emergency room physician following the altercation in question. *Id.* at 3.

---

[2] Even if Rampersad had exhausted his administrative remedies, the information before the court shows that the claims brought herein are nevertheless subject to dismissal.

In regard to his disciplinary hearing, Rampersad states that the DHO did not have "even the minimal evidence" to find him guilty of fighting. *Id.* at 4.  He also complains of the conditions of confinement in SHU as well as the lack of proper medical care given to him while in segregation. *Id.* at 1–3.

As relief for the above, Rampersad asks that his DHO report and punishment be expunged and "for such other and further relief as may be appropriate whether or not specifically requested." *Id.* at 4.

## II.
### LAW AND ANALYSIS

Rampersad seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides in relevant part that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Here, Rampersad claims that he was wrongfully deprived of good-time credits and other privileges.

### A. *Miscellaneous Sanctions/Complaints*

According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*; *compare Sandlin v. Conner*, 115 S. Ct. 2293, 2301 (1995) (no liberty interest protecting against a thirty day period of disciplinary segregation) *with Wilkinson v. Austin*, 125 S. Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause).  The Fifth Circuit has also decided that adjustments to a prisoner's classification

status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000).

To the extent that Rampersad seeks relief for losing commissary privileges or being placed in segregation for a limited term (including FCIO's alleged failure to keep appropriate documentation relating to his segregation), neither sanction implicates a protected liberty interest and he cannot show that he is entitled to *habeas corpus* relief from these forms of punishment.

Likewise, Rampersad is not entitled to *habeas* relief relative to his claims that he was denied proper medical care in SHU and that his living conditions were unpleasant. Such claims do not attack the fact or duration of his confinement and must be brought in a civil rights action, which is the appropriate remedy for recovering damages from conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981); *Spencer v. Bragg*, 310 Fed. App'x 678, 679 (5th Cir. 2009). Accordingly, Rampersad's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing a separate civil rights action.

### B. *Loss of Good Time Credits*

Rampersad claims that he was deprived of good-time credits without proper evidence to support the underlying disciplinary charge. Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S. Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S. Ct. 2768 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill*, 105 S. Ct. at 2773–74; *Wolff*, 94 S. Ct. at 2978–80. Rampersad does not claim that he was deprived of the protections established by *Wolff*. He received advanced written notice of the alleged disciplinary infraction; he was given the opportunity to call witnesses and present evidence to aid in his defense at the hearing; and he was provided with a written ruling from the factfinder. Doc. 1, att. 1, pp. 2–6. Based on the foregoing, the record demonstrates that Rampersad's disciplinary proceedings complied with the *Wolff* requirements.

Further, courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "a modicum of evidence." *Hill*, 105 S. Ct. at 2773–74. Accordingly, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report alone can satisfy the modicum of evidence standard. *Id.* at 536–37.

In this case, the DHO considered the following: (1) the incident report; (2) the investigation; (3) the statement of the reporting officer; (4) Rampersad's statement; (5) two evidence photo sheets; and (6) two health services clinical encounter reports. Doc. 1, att. 1, pp. 2-6. Based on a review of the above information, the hearing officer found Rampersad guilty of the charged offense. Given the range of information relied upon by the DHO, there is no question that

the "some evidence" standard was met. Thus, even if he had properly and timely exhausted his administrative remedies, the petition would be subject to dismissal as Rampersad has failed to show that a constitutional violation occurred.

### C. Failure to Follow Program Statements

Rampersad claims that the timing of his "shot" violated BOP Program Statement 5270.09, which states, in relevant part, "You will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident."[4] The regulation does not guarantee notice within twenty-four hours. Rather, it states that an inmate will *ordinarily* be provided notice within that time-frame. In this case, Rampersad received the incident report on February 22, 2016. While this was certainly longer than the ordinary twenty-four hours, it was well within the requirement in *Wolff* and BOP Program Statement 5270.09, Section 541.8(c), of notice twenty-four hours prior to the actual hearing.

Moreover, even if the regulation guaranteed or mandated that an incident report be issued within twenty-four hours of the incident, Rampersad would still not state a claim. In the Fifth Circuit, "a prison official's failure to follow the prison's own policies procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *see also Taylor v. Howards*, 268 F.3d 1063 (5th Cir. 2001). In sum, Rampersad was not entitled, either under *Wolff* and its progeny or under the BOP regulations, to written notice of the violation within twenty-four hours of the staff becoming aware of his involvement and his claims in this regard should be dismissed.

---

[4] *See* U.S. Dep't of Justice, Inmate Discipline Program Statement 5270.09 § 541.5(a), *available at* https://www.bop.gov/policy/progstat/5270_009.pdf (last visited August 3, 2017) (emphasis added).

### III.
#### CONCLUSION

While a *pro se* litigant should ordinarily be given an opportunity to amend his complaint before it is dismissed, leave to amend is not required if the petitioner has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Here it is clear that Rampersad cannot state a claim for relief under § 2241 and that his conditions of confinement claims must be brought in a civil rights action.

Therefore, for reasons stated,

**IT IS RECOMMENDED** that Rampersad's *habeas corpus* claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS ALSO RECOMMENDED** that Rampersad's conditions of confinement claims be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE